Estate of Thelma L. Weysham, deceased, and Alcide J. Weysham v. Commissioner.
Estate of Weysham v. Commissioner
Docket No. 5385-65.
United States Tax Court
T.C. Memo 1967-248; 1967 Tax Ct. Memo LEXIS 14; 26 T.C.M. (CCH) 1285; T.C.M. (RIA) 67248; December 12, 1967
Bruce A. McArdle, for the respondent. TURNER
Memorandum Findings of Fact and Opinion TURNER, Judge: Respondent determined deficiencies in income tax and additions to tax against the petitioners for the taxable years 1959 and 1960 as follows: Additions to the Tax
Sec. 6651(a)
Sec. 6653(a)
Year
Income Tax
1954 Code
1954 Code
1959
$6,018.99
$1,504.75
$341.57
1960
1,491.18
372.80
102.21
The issues presented are: (1) Whether payments to petitioner, Alcide J. Weysham, received from Fire Ants Eradication, Inc., during the taxable year 1959 in the total amount of $18,950 constitute taxable income to petitioners for said year; (2) whether attorney fees received by petitioner during the taxable year 1960 from the Mosby-Zeringue succession in the total amount of *15 $2,163 constitute taxable income to petitioners for that year; (3) whether petitioners are liable for the taxable years 1959 and 1960 for additions to the tax provided for by section 6651(a) [1] of the Code of 1954; and (4) whether petitioners are liable for the taxable years 1959 and 1960 for the additions to the tax provided for by section 6653(a) of the Code of 1954. The case was submitted on a written stipulation of facts and the facts so stipulated are found as stipulated. Alcide J. Weysham, sometimes referred to herein as Weysham or petitioner, resides at 4704 Spain Street, New Orleans, Louisiana. Thelma L. Weysham is deceased. They were husband and wife during the taxable years 1959 and 1960. They filed joint Federal income tax returns for the taxable years 1959 and 1960 with the district director of internal revenue at New Orleans, Louisiana. Weysham is and during 1959 and 1960 was an attorney-at-law. The Articles of the Incorporation of Fire Ants Eradication, Inc., hereafter sometimes referred to as the corporation, were executed on November 12, 1959. Petitioner *16 was designated as president and a member of the board of directors of the corporation. John B. Hagerty was designated as secretary-treasurer and as a member of the board of directors of the corporation. The names of the incorporators and the number of shares subscribed by each were as follows: Alcide J. Weysham
1,000 shares of common
or voting stock
John B. Hagerty
1,000 shares of common
or voting stock
William P. Hagerty
1,000 shares of common
or voting stock
The corporation obtained $50,840.27 from Ole K. Olsen as his contribution to the corporation's capital. In exchange for said contribution, Ole K. Olsen obtained stock in the corporation. The corporation opened a checking account with Hibernia National Bank, New Orleans, Louisiana, on August 11, 1959. The account was opened with an original deposit of $50,840.27, said deposit representing Olsen's contribution to the corporation's capital. The corporation's checking account was headed Alcide J. Weysham and John B. Hagerty. The signatures of both petitioner and John B. Hagerty were required for checks drawn on the said account. The following checks, payable to petitioner, were drawn on the *17 account and as required were signed by petitioner and John B. Hagerty: Number
Date
Amount
102
August 11, 1959
$3,600
105
September 6, 1959
350
107
September 15, 1959
1,500
119
November 2, 1959
500
120
November 10, 1959
1,000
124
November 18, 1959
500
126
November 24, 1959
1,000
129
November 30, 1959
1,000
134
December 23, 1959
1,000
136
December 30, 1959
1,000
209
October 6, 1959
5,000
None
December 14, 1959
1,000
On the checks numbered 102, 107, 126 and 209, totaling $11,100, are written the words "attorney fees" or "atty. fees." The funds for a certified check dated October 15, 1959, and made payable to petitioner were supplied by debit slip No. A 9580, also dated October 15, 1959, drawn against the corporation's checking account. The above listed checks, including the certified check for $1,500, amounting in the aggregate to $18,950 were received by petitioner in 1959 and were all deposited to his account in that year. Petitioner received an attorney's fee of $1,000 paid by a cashier's check from John B. Hagerty "in the matter of Ole K. Olsen" on February 25, 1959. Petitioner prepared the necessary documents for *18 the purpose of incorporation of said corporation during 1959. Petitioners' joint Federal income tax return for the taxable year 1959 was filed undated and was received by the district director of internal revenue at New Orleans, Louisiana, on November 8, 1960. Petitioners' joint Federal income tax return for the taxable year 1960 was signed and dated December 29, 1961, by petitioner and was received by the district director of internal revenue at New Orleans, Louisiana, on January 2, 1962. Petitioner received an attorney's fee in the amount of $2,163 in 1960 for handling the Mosby-Zeringue succession. In their income tax return for 1959 petitioners did not report in income the $18,950 received in that year from the funds of Fire Ants Eradication, Inc., nor the $1,000 received on February 25, 1959, from Hagerty as attorney's fees "in the matter of Ole K. Olsen." The respondent in his determination of deficiency for 1959 included these amounts as income received. In their income tax return for 1960 the petitioners did not include in their reported income any part of $2,163 received in that year as an attorney's fee "for handling" the Mosby-Zeringue succession. The respondent *19 in his determination of deficiency for 1960 included the said amount as income received. With respect to the payments received in 1959 by checks drawn on the corporation's bank account and the cashier's check for $1,500, all of which were deposited in petitioners' bank account, and with respect to the $1,000 fee received February 25, 1959, "in the matter of Ole K. Olsen," the facts recited above are as shown by written stipulation of the parties filed, and made a part of the record, at the trial herein. With respect to checks 102, 107, 126 and 209, petitioner in a "Supplemental and Amended Petition" has alleged that the words "attorney fees" and "atty. fees" were written on the checks by John B. Hagerty after they were cashed and are fraudulent and false notations. On brief, he argues that beyond the preparation of the necessary document for the incorporation of Fire Ants Eradication, Inc., he performed no legal services for the corporation during 1959, that the entire $18,950 was given to him by Hagerty and was not the receipt of income by him. With respect to the $2,163 received in 1960, petitioner argues that the fee was the subject of litigation, the exact amount of which *20 was not determined until a later year, and was not therefore income to him in 1960. The petitioner did not appear at the trial and we have no evidence or showing of facts other than shown in the written stipulation filed at the trial. Regardless of any question as to the merits of the arguments advanced, we find no support in the form of evidence or fact for their consideration. With respect to the additions to tax under sections 6651(a) and 6653(a) of the Code, there is similarly an absence of evidence or fact to support the petitioner's argument on brief that the late filing of the returns for the taxable years were due to reasonable cause and not due to willful neglect and that no part of any under payment was due to negligence or intentional disregard of rules or regulations. On the facts as shown by the written stipulation of the parties, and there being no evidence showing error by respondent in his determinations of deficiency and additions to tax, his determinations are approved. Decision will be entered for the respondent. Footnotes
1. Unless otherwise indicated, all references are to the Internal Revenue Code of 1954, as amended.↩